UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                               Case No.: 1:07-CR-023-SPM

CHARLES DEERING,

       Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** comes for consideration upon "Defendant's Motion for Reconsideration " (doc. 24).  The Defendant argues that this Court misinterpreted the facts at issue when stating that the 21-day lapse in time was between the day that the warrant was executed and the day that the source last saw firearms in the house.  The Defendant offers the correction that the reference to the 21-day time lapse was actually between the date that the warrant was executed and the date of law enforcement's *last contact with the source*.

      Although the Defendant properly identifies an error made by the Court in its summary of the facts in the opening paragraphs of the order, in the actual analysis of the staleness issue, the Court properly referred to the 21 days as the lapse of time between the warrant execution and the date of law enforcement's last contact with the source.  (doc. 24 at 5, "twenty-one days passed from the last contact that law enforcement had with the confidential source and the execution of the search warrant").

Therefore, in the application of the law to the facts in this case, in determining whether, at the time the search warrant was executed, there was cause to believe the firearms described in the search warrant would be found at the specified location, this Court did use the proper date range.  United States v. Domme, 753 F.2d 950, 953 (11th Cir. 1985).  Furthermore, 85 days later, there was still "a sufficient probability that the items sought were still at the location to be searched."  United States v. Santa, 236 F.3d 662, 673 (11th Cir. 2000). The type of items that were being searched for, the corroboration of the source's information by law enforcement, and the number of firearms that the source had seen in the residence all support the Magistrate Judge's conclusion that an 85-day lapse between the time that the source last saw firearms in the Defendant's home and the execution of the warrant is does not render the information stale.  Therefore, the Court's ruling, as issued on October 24, 2007 stands. The Defendant's motion to suppress is still denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration (doc. 24) is hereby *denied*.

**DONE AND ORDERED** this first day of November, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge